UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHNNIE FITZGERALD HOWARD,

    Plaintiff,

vs.                        Case No. 2:10-cv-434-FtM-36SPC

C. KRAUS, D. SNIDER, M.H. MEIER,
S.M. LEAHEY, D. ADAMS, J.W. LICATA,
FNU SEVERSON, K. WILLIAMS, B. MOUNT,
C. ENGLAND, J. ADAMS, R. MCCRACKEN,
P. SKIPPER, T. REID and A.L.
JOHNSON,

    Defendants.
_____/

## OPINION AND ORDER

**I.**

This matter comes before the Court upon review of Plaintiff's motion for relief from judgment (Doc. #63) and attached exhibits, filed pursuant to Fed. R. Civ. P. 60(b) on March 18, 2011.[1] Defendant Ben Mount filed a response in opposition (Doc. #64) and attached a supporting exhibit. The Court also reviews Defendant's motion for taxation of costs (Doc. #62) and Plaintiff's motion for sanctions (Doc. #66), to which Defendant filed a response in

---

[1] Plaintiff also filed a second motion for relief from judgment (Doc. #65) and a third motion for relief from judgment (Doc. #69), all of which appear duplicative of Plaintiff's initial Rule 60(b) Motion. Therefore, the Court will deny these duplicative motions as moot.

opposition (Doc. #67), and Plaintiff improperly² filed a reply (Doc. #68).  These matters are ripe for review.

## II.

Plaintiff seeks reconsideration of the Court's February 16, 2011 Order (Doc. #63, "February 16 Order"), in which the Court granted Defendant's Motion to Dismiss and dismissed the case, without prejudice.  Order at 1-2.  In the February 16 Order, the Court found that Plaintiff was a three striker within the meaning of 28 U.S.C. § 1915(g) and relied upon the following dismissals: Case No. 8:07-cv-1915-T-30TGW (Doc. #29, district court order dismissing action for failure to state a claim); Eleventh Circuit Court of Appeal No. 09-15496-H (dismissing appeal as frivolous); and, Eleventh Circuit Court of Appeal No. 06-10707-H (dismissing appeal as frivolous).  In the February 16 Order, the Court also noted that it could dismiss Plaintiff's action on the basis that he failed to fully disclose on his Complaint form all of the actions he previously filed related to his prison conditions or confinement thereof, in contradiction to the explicit instructions on the form.³  Order at 3-4, n. 2-3.

---

²Before filing a reply, a party must seek leave from the Court.  Local Rule 3.01(c)(M.D. Fla. 2009).  Plaintiff failed to comply with this rule and therefore his Reply will be stricken.

³The Court decided that it would not dismiss the action as a sanction without the benefit of a response from Plaintiff.  Order at 3-4, fn. 2-3.

**III.**

The purpose of Fed. R. Civ. P. 60(b) is to define the circumstances under which a party may obtain relief from a final judgment or order. "It should be construed in order to do substantial justice, but this does not mean that final judgments should be lightly reopened." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted)(stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments."). Rule 60(b) permits courts to reopen judgments, or provide relief from an order, for reasons of mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. *See* Rule 60(b)(1), 60(b)(6). "Motions under this rule are directed to the sound discretion of the district court." *Id.*; *United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1318 (11th Cir. 1997).

In the instant Motion, Plaintiff submits that the Court made a mistake when granting the Defendants' Motion pursuant to § 1915(g) because the Eleventh Circuit Court of Appeals rendered his appeal of case number 06-10707-H "null and void" as reflected by appellate case number "07-15513", because there had been an intervening change in the law. Motion at 2. With respect to Plaintiff's failure to fully disclose his prior cases in his Complaint, Plaintiff states that he provided prison officials with

a "supplement" to his Complaint for mailing between November 5, 2010 and November 15, 2010, which provided a "detailed prior filing history of <u>all</u> plainitff's previous lawsuits." *Id.* at 3 (emphasis in original). Plaintiff acknowledges that the Court did not receive the supplement to his Complaint and surmises that one of the following incidents likely prevented the Court from receiving the supplemental filing:

> (1) Plaintiff's unforeseeable transfer out of the custody of the Florida Department of Corrections to the custody of the Hillsborough County Jail; (2) Jail staff lost or misplaced Plaintiff's legal property, which may have contained Plaintiff's copy of the supplement complaint; (3) Jail officials deprived Plaintiff of writing and mailing supplies needed to maintain adequate communications with the Court.

*Id.*

Defendant opposes Plaintiff's Motion and maintains that before filing the instant action, Plaintiff had previously filed three actions or appeals that constituted strikes. Response at 5. Reciting the lengthy history of the cases relied upon by this Court to find Plaintiff a three-striker, Defendant submits that the Court should still count as a strike the Eleventh Circuit's order of dismissal in appellate case number 06-10707-H, which deemed the appeal of the district court's order in 8:04-cv-312 as frivolous, despite the district court later vacating its order of dismissal in case number 8:04-cv-312.

**IV.**

Upon review, the Court will grant Plaintiff's Motion. The "three strikes" provision is codified as 28 U.S.C. § 1915(g) and provides that a prisoner may not "bring a civil action or appeal" *in forma pauperis* if he has on three or more previous occasions brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

As set forth above, the Court relied upon the following cases to find Plaintiff a three-striker: 8:07-cv-1915, Doc. #29 (dismissing action for failure to state a claim); Eleventh Circuit Court of Appeal No. 09-15496-H (dismissing appeal as frivolous); and, Eleventh Circuit Court of Appeal No. 06-10707-H (dismissing appeal as frivolous). Defendant is correct that the appellate court's order dismissing the appeal of case number 8:04-cv-312 as frivolous (docketed in Eleventh Circuit case number 06-10707-H) remains valid. However, the Court will not count this appellate order as a strike because, after the appellate court affirmed the district court's order of dismissal in 8:04-cv-312, the district court vacated its order of dismissal in light of *Jones v. Bock*, 127 S. Ct. 910, 927 (2007). The district court then consolidated case numbers 8:04-cv-312 and 8:07-cv-1915 into one case.[4] *See* Case No.

---

[4]The Court has already counted the district court's order of dismissal in case number 8:07-cv-1915-T-30TGW, and the appeal
(continued...)

8:07-cv-1915-T-30-TGW (M.D. Fla. 2009), Doc. #24 (vacating the court's own order of dismissal in case no. 8:04-cv-312-T-30TBM), Doc. #29 (granting Defendants' motion to dismiss in consolidated case and noting history of the two cases). Thus, the Court does not find it equitable to count appellate case number 06-10707-H as a strike when the district court later vacated its order of dismissal upon which the appellate court order was based. The Court notes that Plaintiff had no other prior strikes when Plaintiff initiated the instant action. Therefore, at the time Plaintiff initiated this action he only had two qualifying § 1915(g) cases.

ACCORDINGLY, it is hereby

---

[4](...continued)
related thereto in appellate case number 09-15496-H, as strikes. Despite the action consolidating the two cases, the Court will not count the order of dismissal and the appellate court order as two additional strikes because the two cases involved exactly the same failure to protect claim against the same defendants. The Court recognizes that "[c]onsolidation under Rule 42(a) does not merge two actions into one case." *DeliverMed Holdings, LLC v. Schaltenbrand*, 2011 WL 2134343 * 2 (S.D. Ill. 2011)(citing *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d. Cir. 1999)(citing *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-97 (1933)). "On the contrary, each consolidated case retains its separate identity and must have its own independent jurisdictional basis." *DeliverMed Holdings, LLC*, *2 (citing *Cella*, 173 F.3d at 913)). Here, Plaintiff was left with no other alternative but to file two exact cases due to dismissals by the district court. *See* Case No. 8:07-cv-1915-T-TGW (M.D. Fla. 2009), Doc. #24 (explaining history of the two cases). Therefore, the Court does not find it equitable to assign Plaintiff four strikes from two consolidated cases and appeals thereof. Nor does Defendant request that the Court count the consolidated cases and appeals thereof as four strikes. <u>See</u> Response.

**ORDERED**:

1. Defendant's motion for taxation of costs (Doc. #62) is **DENIED as moot**.

2. Plaintiff's motion for relief from judgment (Doc. #63) is **GRANTED**. The Court **vacates** its February 16 2011 Order.

3. Plaintiff's second motion for relief from judgment (Doc. #65) and third motion for relief from judgment (Doc. #69) are **DENIED as moot**.

4. The **Clerk** is directed to **vacate** the judgment entered on February 17, 2011. Further, the **Clerk** shall reopen this action. Defendant shall file an answer, or otherwise file a response, to Plaintiff's Complaint within **twenty-one (21) days** from the date on this Order.

5. Plaintiff's motion for sanctions (Doc. #66) is **DENIED**.

6. The **Clerk of Court** shall strike Plaintiff's improperly filed Reply (Doc. #68).

**DONE AND ORDERED** at Fort Myers, Florida, on this 15th day of November, 2011.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

SA: alj

Copies: All Parties of Record